IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS RODRIGUEZ, | : | CIVIL ACTION |
|           Plaintiff, | : | |
| | : | No. 13-7632 |
| v. | : | |
| | : | |
| P/O MICHAEL PANARELLO, P/O | : | |
| BRIAN MCDEVITT AND THE CITY | : | |
| OF PHILADELPHIA, | : | |
|           Defendants. | : | |

**MCHUGH, J.**                                                                                   January 19, 2016

## MEMORANDUM

This is an action for deprivation of civil rights arising out of catastrophic injuries suffered by the Plaintiff as police attempted to subdue and arrest him while he was under the influence of PCP. I granted summary judgment as to all claims in an opinion issued on August 7, 2015, and I am now urged to reconsider under Rule 60(b) on the basis of newly discovered evidence. For the reasons that follow, the Motion is denied.

The evidence in question consists of a brief video recorded statement of the Plaintiff that was captured on a cell phone by his stepbrother while he was still in the hospital. In response to a question as to what had happened to him, Plaintiff replied that he had been "beaten to a pulp" by the police. At deposition in this case, Plaintiff was unable to recall any of the details of the night he was injured, such that this statement would represent the only potential evidence that he could offer. Plaintiff seeks to admit the evidence under Federal Rule of Evidence 803(5), as a past recollection recorded, and he asks the court to overlook the late identification of the evidence. Needless to say, Defendants oppose consideration of the evidence as untimely, and

1

further argue that even if it were to be considered by the Court, it would not justify opening the judgment.

Defendants are correct that Plaintiff faces a "heavy burden" under Rule 60, because the Third Circuit has held that such relief should be granted only where "extraordinary justifying circumstances are present." *Bohus v. Beloff,* 950 F.2d 919, 930 (3d Cir. 1991). On one level such circumstances could be said to exist by virtue of the severity of Plaintiff's injury—he is paraplegic and totally disabled. For that reason, I instructed the parties specifically to address the import of the evidence if I were to consider it. Plaintiff concedes that even this evidence would not create a material issue of fact for a jury as to his paralysis. At most, it would support the claim for other injuries Plaintiff claims to have suffered in the process of being taken into custody after falling to the ground and suffering his paralyzing injury.

Procedurally, there does not appear to be a justifiable explanation for Plaintiff's failure to discover the evidence until after the Court had entered summary judgment. I do not, however, rest my decision on that ground alone, because even if I were to consider the evidence, it would not suffice to create a jury issue as to Plaintiff's claim for excessive use of force. I have reviewed in detail the medical records submitted by Plaintiff in support of the motion, together with the testimony of Donald O'Rourke, M.D. Dr. O'Rourke conceded in his testimony that Plaintiff would have had continued use of his upper extremities even after his paralyzing fall. There is un-contradicted testimony in the record, corroborated by the contemporaneous records of the emergency medical technicians on-site, that Plaintiff continued to struggle and resist notwithstanding the severe injury he had suffered, perhaps because of the effects of the PCP. At least some use of force was required to take him into custody. The records submitted show injury to the head which is consistent with the fall, but in no other respect reflect significant

trauma to the Plaintiff.  There are no bruises or contusions noted, no fractured ribs or extremities, or any of the types of injuries that one would associate with being "beaten to a pulp."  The phrase the Plaintiff employed in that brief exchange is certainly understandable on the part of one who is hospitalized and paralyzed, but it represents a conclusory statement that in the absence of any other objective indicia lacks evidentiary value.  In practical terms, it is more of an emotional shorthand describing a reaction to an event.  Standing alone, Plaintiff's subjective characterization of the event does not suffice as evidence that the police used *excessive* force.

An additional obstacle faced by Plaintiff is that even if I were to accept this brief statement as sufficient evidence, he cannot identify any one of the individual officers, or even the officers acting collectively, as having used excessive force.  As a general rule, a plaintiff in a civil rights action must specifically identify the state actor whose conduct violated his rights.  *Sharrar v. Felsing*, 128 F.3d 819, 822 (3d Cir. 1997), *abrogated on other grounds by Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007); *McNeil v. City of Easton,* 694 F. Supp. 2d 375 (E.D. Pa 2010) (collecting cases).  Even if I were to consider it, with multiple officers on site and responding, this fragment of memory would not establish that either Officer McDevitt or Officer Panarello, the named Defendants in this case, engaged in unlawful conduct.

      /s/ Gerald Austin McHugh
United States District Court Judge